UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAUL BARRIER,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHELLE PRINCE, TOM BROWN, EDWARD BERBERIAN, NICOLE PANTALEO, PAUL HAAKENSON, NICK CONRAD, RICK BOEHM, DANIEL JENNER, STEPHANIE COMMISTO, BRETT BARTLETT, acting in their official capacity, as State, city or county employees acting by way of State of California law,<br><br>    Defendants. | Case No:  C 11-2818 SBA<br><br>**ORDER DISMISSING ACTION** |

    Plaintiff Paul Barrier filed the instant pro se action pursuant to 42 U.S.C. § 1983 against City of Novato police officers Nick Conrad, Rick Boehm, Daniel Jenner, Stephanie Commisto and Brett Bartlett, Marin County District Attorney Edward Berberian, Deputy District Attorneys Tom Brown, Michelle Prince and Nicole Pantaleo, and Marin County Superior Court Judge Paul M. Haakenson.  Plaintiff also seeks leave to proceed in forma pauperis ("IFP").

I.    **BACKGROUND**

    The instant action stems from Plaintiff's arrest by Novato police officers, and his subsequent prosecution and conviction by the Marin County District Attorney's Office

("District Attorney") in connection with weapon and drug charges.[1] Specifically, the District Attorney charged Plaintiff with possession of a short-barreled shotgun, Cal. Pen. Code § 12020(a)(1), possession of a billy club, Id., cultivating marijuana, Cal. Health & Safety Code § 11358, and exhibiting a deadly weapon, Cal. Pen. Code § 417(a)(1).

District Attorneys Berberian and Pantaleo offered Plaintiff a plea agreement in which they would dismiss three of the charges if Plaintiff pled guilty to possession of a shotgun. Plaintiff did not accept the offer and the case proceeded to trial at which he represented himself. People v. Barrier, No. SC160215A, Marin Cnty. Sup. Ct.

On January 23, 2009, a jury found Plaintiff guilty of possession of a short-barrel shotgun and acquitted him of the other charges. The trial court placed Plaintiff on felony probation for three years, imposed a term of forty-four days in county jail, and ordered a psychological evaluation. Plaintiff appealed the judgment, which was affirmed by the First Appellate District of the California Court of Appeal, Division Five on March 3, 2010. People v. Barrier, No. A124507, 2010 WL 727696 (Cal. Ct. App. Mar. 3, 2010).

Plaintiff filed the instant action on June 9, 2011 against the above-referenced Defendants, along with a request to proceed in forma pauperis. Though not entirely clear, it appears that Plaintiff is alleging that his acquittal on three of the four criminal charges filed against him demonstrates that Defendants violated his constitutional rights. Plaintiff avers that he was convicted on the shotgun charge only because Judge Haakenson "would not allow the jury to hear testimony or evidence about how the United States government works." Compl. at 3. Plaintiff also alleges that Judge Haakenson violated his constitutional rights by referring him to a psychiatrist for an evaluation based on the beliefs

---

[1] For background purposes, the Court takes judicial notice of the California Court of Appeal's unpublished decision on the appeal taken by Plaintiff following his conviction. See People v. Barrier, No. A124507, 2010 WL 727696 (Cal. Ct. App. Mar. 3, 2010). A district court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002).

and opinions presented on his website. Id. at 4.[2] As relief, Plaintiff seeks to "overturn, or annul, vacate, or set aside, or reverse, or revoke, or make void, or undo, the jury finding of guilty of possession of a short barrel shotgun…." Id. at 12. He also seeks the return of his shotgun, billy club, ammunition and other property seized by the officers, and the imposition of "real and punitive damages." Id.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review IFP claims prior to service and to dismiss the case at any time if the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.

To determine whether an IFP complaint passes muster under § 1915, the Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Id. A pleading filed by a pro se plaintiff must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). If the complaint is dismissed, plaintiff generally should be afforded leave to amend unless it is clear the complaint cannot be saved by amendment. See Cato v. United States, 70 F.3d. 1103, 1106 (9th Cir. 1995).

---

[2] Plaintiff includes a print out of his website in his Complaint. Compl. at 56-63. The website purportedly "exposes the Bohemian Grove" and features a video of the "annual (July) celebration of a human sacrifice." Id. at 4. Plaintiff claims the Bohemian Grove "is a private club of people who celebrate yearly the practice of tossing a child into a pit of fire…*Celebrating* the crime of child murder!" Id. at 56 (emphasis in original). He maintains that "every July, World leaders American presidents, governors, state and federal senators, and family members of the largest companies in America get together in Northern California to celebrate child murder." Id. [sic]

**III.   DISCUSSION**

Title 42, United States Code, section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States.'" Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. See Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

An individual who has been convicted of a criminal offense is barred from bringing a civil action which would imply the invalidity of the underlying conviction. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994). In Heck, the Supreme Court has held that, "in order to recover damages for an allegedly unlawful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Thus, if a judgment in favor of a plaintiff on his civil rights damages claims necessarily will imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487.

Here, Plaintiff seeks damages for allegedly having been wrongfully convicted for possession of a shotgun. However, Plaintiff's conviction was affirmed on appeal and there is no allegation or anything in the record showing that said conviction has been set aside. As such, Plaintiff's claims are barred by Heck. See, e.g., Szajer v. City of Los Angeles, 632 F.3d 607, 611 (9th Cir. 2011) (claim alleging an illegal search and seizure of evidence

- 4 -

that was used to secure a conviction necessarily implies the invalidity of that conviction); Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (plaintiff's conviction for possession of narcotics barred claims for false arrest and malicious prosecution). Therefore, Plaintiff's claims for damages are dismissed without prejudice under Heck. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (finding that an action barred by Heck has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence).[3]

Finally, if Plaintiff wishes to challenge his conviction and/or sentence, a petition for writ of habeas corpus is the exclusive method by which he may challenge a state court conviction in this Court. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Before he may file a federal petition, however, Plaintiff must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

---

[3] The Court also notes that Judge Haakenson and the District Attorneys are absolutely immune from liability based on their respective roles in trying and prosecuting the Plaintiff. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."); see also Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (holding that prosecutors are absolutely immune from civil damages suits related to conduct "intimately associated with the judicial phase of the criminal process."). With regard to Plaintiff's claim for the return his property, Plaintiff may consider bringing a motion for the return of his property in the state court where his criminal proceedings were conducted. See People v. Lamonte, 53 Cal.App.4th 544, 549 (1997).

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED without prejudice. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: October 18, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BARRIER et al,

      Plaintiff,

  v.

PRINCE et al,

      Defendant.
                             /

Case Number: CV11-02818 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 20, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Barrier
1001 Eighth Street
Novato, CA 94945

Dated: October 20, 2011
                                        Richard W. Wieking, Clerk

                                        By: LISA R CLARK, Deputy Clerk